## DAMAGE TO A SHIPMENT DIVERTED FROM ITS DESIGNATED ROUTE.

Common Pleas Court of Hamilton County.

SAMUEL FRANK AND CHARLES FRANK v. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

Decided, January Term, 1917.

*Carriers—Defense of Necessity for Diversion of a Shipment from the Prescribed Route—Duty of Consignee with Reference to Damage to Goods After Arrival—Pleading.*

1. In an action for recovery of damages to a shipment of goods diverted from the prescribed route, admissions in the pleadings that a physical necessity required that the car be sent over another than its designated route for a part of its journey but that its arrival was delayed only a few hours and the consignee had notice of arrival, is sufficient to relieve the carrier from liability for damages suffered by said goods after arrival at the city to which they were shipped.

2. It is the duty of a consignee to minimize as far as possible any damage likely to occur to a shipment, and failure so to do is a proper subject of defense in an action against the carrier on account of loss which the carrier might have prevented in whole or in part.

*Robert S. Marx,* for the plaintiffs.
*Kinkead & Rogers,* contra.

CUSHING, J.

In this action the plaintiff claims damages from the defendant company. The allegation of negligence stated in plaintiff's amended petition is that the defendant carelessly and negligently, without notice to the consignor, or the consignee, delivered a car of beans to the Cleveland, Cincinnati, Chicago & St. Louis Railway Company at Cincinnati, instead of to the Cincinnati, Hamilton & Dayton Railroad Company.

The record is that the shipment was made from New Orleans by way of the Louisville & Nashville Railroad, with direction

to deliver to the Cincinnati, Hamilton & Dayton Railroad Company at Cincinnati, Ohio.

The testimony in the case is practically undisputed. The plaintiff expected this shipment to arrive by way of the Cincinnati, Hamilton & Dayton Railroad Company, Friday afternoon or evening, May 23, 1913. It arrived in Dayton at 1:18 A. M., May 24, 1913.

By way of defense, the answer of the defendant states that at the time said shipment arrived in .Cincinnati the Cincinnati, Hamilton & Dayton Railroad Company was not accepting shipments for transportation from Cincinnati to Dayton, and this fact was made known to the defendant's agent at New Orleans after the shipment had left New Orleans, and before it reached Cincinnati, and notice of such fact was given to the shipper at New Orleans, one J. P. Simone.

The defendant says that when said shipment reached Cincinnati, there was no road by which it could be forwarded to Dayton except that of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and that said shipment was forwarded to Dayton over said road, and due notice given to the consignee upon the arrival of said shipment at Dayton.

The defendant further says that Section 3 of the conditions forming a part of said bill of lading under which the shipment was carried provides, among other things, as follows:

"Every carrier shall have the right, in case of physical necessity, to forward said property by any railroad or any route between the points of shipment and the point of destination; but if such diversion shall be from a rail to a water route, there the liability of the carrier shall be the same as though the entire carriage were by rail."

Defendant says that it was a case of physical necessity to forward said shipment over the line of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company to Dayton.

To this answer the plaintiff did not file a reply.

Section 11329 of the code provides:

"Except averments as to value, or the amount of damage, for the purposes of an action, every material allegation of a peti-

tion, not controverted by an answer, and every material allegation of new matter in an answer not controverted by a reply, shall be taken as true.''

Therefore, in view of the answer in this case, it is admitted that the Cincinnati, Hamilton & Dayton Railroad Company was not receiving freight between Cincinnati and Dayton, at the time of the arrival of this car; that it was a physical necessity to divert the car to the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and that due notice was given of its arrival.

There was no notice given to the defendant of the location of the wholesale produce market in Dayton, Ohio. There was no direction that the car was to be delivered at the wholesale produce market in Dayton, Ohio.

Another question that presents itself is that this car arrived within a few hours of the time it was expected; the plaintiff had notice of its arrival Saturday forenoon, and the car was allowed to remain some place in the Big Four yards from Saturday until Wednesday, with but a part of the hampers of beans being unloaded.

It was the duty of the plaintiff to have used his best efforts to minimize the damage, and any expense or trouble that he was put to would have been a proper charge against the defendant. But nothing of that sort appears in the case.

Therefore, in view of the further fact that a jury was waived in this case, and the question submitted to the court, the judgment of the court is that the defendant go hence without day and recover from the plaintiff its costs herein expended.